Pryor & Mandelup, L.L.P.
Attorneys for Debtor
A. Scott Mandelup, Esq.
675 Old Country Road
Westbury, New York 11590
(516) 997-0999
asm@pryormandelup.com

Hearing Date: April 5, 2023
Hearing Time: 9:30 a.m.
Objection Date: March 29, 2023
Objection Time:  4:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                                  Case No.: 8-22-71597-reg

SAM M. MIRIAN,                                                                Chapter 7

                                                                                          **DECLARATION**

                                 **Debtor.**
------------------------------------------------------------x

TO:    THE HON. ROBERT E. GROSSMAN,
         UNITED STATES BANKRUPTCY JUDGE:

        A. Scott Mandelup, Esq., an attorney duly admitted to practice in the United States District Court for the Eastern District of New York and the courts of the State of New York, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

**Preliminary Statement**

        1.     I am a member of the law firm of Pryor & Mandelup, L.L.P., attorneys for Sam M. Mirian ("Debtor"), the debtor in the above-captioned Chapter 7 bankruptcy case, and I am fully familiar with the facts set forth herein.  I submit this Declaration in support of Debtor's motion (the "Motion") for the entry of an order: (i) pursuant to 11 U.S.C. § 522(f), Rules 4003(d) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and E.D.N.Y. LBR 9013-1(g), avoiding the judicial lien (the "M. Newtown Lien") of M. Newtown Associates,

1

Limited Partnership ("M. Newtown") to the extent that M. Newtown seeks to assert such lien against what was, as of the Filing Date, Debtor's tenancy by the entirety right of survivorship in the residential condominium Unit 12-C, 467 Central Park West, New York, New York 10025, identified as Block 1842, Lot 1075 (the "Condo") owned, as of the Filing Date, by Debtor and his wife, Fathieh Mirian ("Wife") as tenants by the entirety, as impairing Debtor's exemption in such survivorship right pursuant to 11 U.S.C. § 522(b)(3)(B) and applicable New York law; (ii) reducing the amount of the M. Newtown judicial lien as against the fee interest in the Condo to the amount of $475,000 constituting 50% of the appraised value of the Condo as of the Filing Date; and (iii) granting such other and further relief as this Court deems just and proper. For the reasons set forth below, the Motion should be granted.

## Background

2. On October 3, 2018, a judgment was entered by the Supreme Court of the State of New York, Suffolk County, in favor of M. Newtown and against Debtor in the amount of $2,731,412.03 (the "Judgment"). The Judgment was entered in the Office of the Clerk of New York County on December 14, 2018, becoming a non-consensual judicial lien against Debtor's interest in the Condo.

3. On June 30, 2022 (the "Filing Date"), Debtor filed a voluntary petition for relief from his creditors pursuant to Chapter 7 of the Bankruptcy Code and his Chapter 7 schedules [ECF #1] in the above-captioned court (the "Court").

4. R. Kenneth Barnard, Esq. (the "Trustee") was appointed interim Chapter 7 trustee and at the First Meeting of Creditors held on August 10, 2022 (the "341 Meeting"), pursuant to 11 U.S.C. § 341(a), the Trustee qualified as permanent trustee of Debtor's bankruptcy estate (the "Estate").

5.     On November 16, 2022, Debtor filed [ECF #40] an Affidavit pursuant to E.D.N.Y. LBR 1009-1(a) and Debtor's amended Schedules "A/B," "C," and "D" (copies of which are annexed hereto as **Exhibit "A"**) (the "Amended Schedules"). Debtor's Amended Schedule "A/B" [¶ 1.1] properly describes Debtor's interest in the Condo as a tenancy by the entirety held by Debtor and Wife and lists the value of the Condo, as of the Filing Date, as "unknown".

6.     Wife died on October 18, 2022, after the Filing Date.

7.     An appraisal of the Condo by Cooperative Appraisal Associates, Inc., prepared for Debtor on or about March 1, 2023 (the "Appraisal") values the Condo, as of the Filing Date, in the amount of $950,000. (A copy of the Appraisal is annexed hereto as **Exhibit "B"**.)

8.     Debtor's Amended Schedule "C" claims an exemption in Debtor's tenancy by the entirety survivorship interest in the Condo in an "undetermined" amount, pursuant to 11 U.S.C. § 522(b)(3)(B). Based on the Appraisal, Debtor's survivorship interest had a value equal to 50% of the value of the Condo or $475,000, as of the Filing Date.

9.     A lien search on the Condo, prepared after the Filing Date, by Pro-TitleUSA for the Trustee (the "Lien Search") shows the following liens against Debtor's interest in the Condo: (i) M. Newtown based on the judgment in the amount of $2,731,412.03, recorded December 14, 2018; (ii) an IRS federal tax lien in the amount of $329,903.21 (for taxes due from Debtor only), recorded June 9, 2022; (iii) an IRS federal tax lien in the amount of $53,686.80 (for taxes due from Debtor and Wife), recorded June 28, 2022; and (iv) a mechanic's lien filed by A&D Entrances Inc. ("A&D") on August 15, 2022, in the amount of $18,156 (the "Mechanics Lien") for work performed on the Condo prior to the Filing Date. (A copy of the Lien Search is annexed hereto as **Exhibit "C"**.)

10. M. Newtown filed Claim No. 9-1 in this Chapter 7 case, in the amount of $2,731,412.03, asserting: (i) a secured claim in the amount of $800,000, based on the lien against Debtor's interest in the Condo created by the docketing of the Judgment in New York County on December 14, 2018, and based on Debtor's valuation of the Condo in the initial Schedule A/B at $800,000; and (ii) a general unsecured claim in the amount of $1,931,412.03.[1] (A copy of Claim No. 9-1 is annexed hereto as **Exhibit "D"**.)

11. The Internal Revenue Service ("IRS") filed Claim No. 4-1 in Debtor's case asserting a claim against Debtor in the amount of $402,843.96, inclusive of interest accrued as of the Filing Date, and secured against only Debtor's interest in the Condo based on IRS tax liens filed in New York County (collectively, the "IRS Lien"). (A copy of Claim No. 4-1 is annexed hereto as **Exhibit "E"**.) The Court Recording Data documents annexed to the IRS claim evidence: (i) a tax lien filed June 9, 2022, with the Clerk of New York County, against Debtor only, in the amount of $329,903.21; (ii) a tax lien filed April 9, 2019, with the Clerk of New York County, against Debtor only, in the amount of $290,150, which appears to be an earlier version of the June 9, 2022 lien; and (iii) a tax lien, without a filing date, against Debtor and Wife, in the amount of $53,686.80. The $53,686.80 lien amount is included in the $402,843.96 IRS Claim No. 4-1. The difference between the amount of the IRS Liens and the IRS secured Claim No. 4-1 appears to be penalties and interest assessed on the taxes underlying the lien, as reflected on Claim No. 4-1.

12. The liens against Wife's interest in the Condo consist of: (i) the IRS lien in the amount of $53,686.80; and (ii) the Mechanics Lien in the amount of $18,156.00 for a total of

---

[1] Debtor's Amended Schedule "D" also lists the New York State Department of Taxation and Finance ("NYSDTF") as a secured creditor in the amount of $180,041.99, based on a tax lien against the Condo. However, Claim No. 3-1 filed in Debtor's case by NYSDTF asserts a secured claim in the same amount based entirely on tax warrants docketed in Suffolk County. Accordingly, NYSDTF has no lien against the Condo.

$71,842.80. As of the Filing Date, M. Newtown had no lien against Wife's interest in the Condo, and the automatic stay of Section 362(a) would have prevented M. Newtown from asserting a lien against what previously was Wife's interest in the Condo after her post-petition passing.

13. Based on the foregoing, as of the Filing Date, Debtor's interest in the Condo was encumbered by the following liens in the following priority: (i) first, M. Newtown in the amount of $2,731,412.03; (ii) second, the IRS in the amount of $402,843.96; and (iii) third, the Mechanics Lien in the amount of $18,156 for total liens in the amount of $3,152,411.99. As of the Filing Date, Wife's interest in the Condo was encumbered by the IRS lien in the amount of $53,686.80 and would be encumbered by the post-petition Mechanics Lien in the amount of $18,156 for total liens of $71,842.50.

## RELIEF REQUESTED

14. Debtor believes that M. Newtown is asserting its judgment lien against Debtor's tenancy by the entirety survivorship interest now consisting of the portion of the tenancy by the entirety interest in the Condo previously owned by Wife, which had a value as of the Filing Date of $475,000. Debtor's survivorship interest was exempt under the federal exemption provided by 11 U.S.C. § 522(b)(3)(B) and that exempt asset now comprises 50% of the value of the Condo, which due to Wife's death is now owned by the Trustee as to 50% and by Debtor as to the exempt 50%. To the extent that M. Newtown asserts its $2,731,412.03 judgment lien against the entire fee interest, that lien must be avoided under Section 522(f) as impairing Debtor's exemption under Section 522(b)(3)(B) by reducing the amount of M. Newtown's lien against the entire fee interest in the Condo to an amount equal to 50% of the value of the Condo as of the Filing Date, *i.e.*, $475,000.

### A. Debtor's Exemption Under 11 U.S.C. § 522(b)(3)(B).

15. Under 11 U.S.C. § 522(f)(1), a debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of that section, if such lien is - (A) a judicial lien …." There is no question that the M. Newtown judgment is a judicial lien and the Judgment was not consensual.

16. 11 U.S.C. § 522(b)(1) provides in part:

> Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2), or in the alternative, paragraph (3) of this subsection.

17. 11 U.S.C. § 522(b)(2) exemptions are defined as the Federal bankruptcy exemptions provided in Section 522(d). Section 522(b)(3) defines the alternate exemptions as follows:

> Property listed in this paragraph is –
> (A) … any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition to the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition ….,
>
> (B) any interest in property in which the debtor had, immediately before the commencement of the case, **an interest as a tenant by the entirety** or joint tenant **to the extent that such interest as a tenant by the entirety** or joint tenant **is exempt from process under applicable nonbankruptcy law**; and …. (Emphasis added.)

18. In his initial Schedule "C" and his Amended Schedule "C," Debtor claimed the exemption under Section 522(b)(3)(B). In his Amended Schedule "C" Debtor has claimed an exemption in his tenancy by the entirety interest in the Condo under 11 U.S.C. § 522(b)(3)(B), in

an undetermined amount. Based on the Appraisal valuing the 100% interest in the Condo at $950,000, the amount of Debtor's Section 522(b)(3)(B) exemption would be $475,000.

19. As noted by the Second Circuit Court, under New York law, "[t]he interests of a tenant by the entirety are a right to the use of an undivided half of the property during the joint lives of a husband and wife and **a survivorship right to the entire fee**. *In re Persky*, 893 F.2d 15, 19 (2d Cir.1989) ("*Persky*") (emphasis added).

20. It is well settled that "tenancies by the entireties exemptions are to be determined as of the filing date" . . ., *In re Hamacher*, 535 B.R. 180, 183 (Bank. E.D. Mich. 2015), and the post-petition death of the non-debtor spouse "did not change the status of the Debtor's Real Property ownership interest as of the commencement of the case." *Id.*, quoting, *In re Bradby*, 455 B.R. 476 (Bankr. E.D. Va. 2011).

21. As the Second Circuit noted in *Persky,* 893 F.2d at 19, discussing the New York Court of Appeals case, *Hiles v. Fisher*, 144 N.Y. 306, 312 (1895):

> In *Hiles,* a husband executed a mortgage on lands deeded to him and his wife. A purchaser at a mortgage foreclosure sale acquired the husband's interest and thus became a tenant in common with the wife, subject only to her right of survivorship.... See also *Rothschild v. Lincoln Rochester Trust Co.*, 212 F.2d, 585 (2d Cir. 1954) (per curiam) (debtor tenant's interest in tenancy by the entirety liable to be taken on execution)….

22. As a tenant in common has no right of survivorship, under New York law, a judgment debtor's tenancy by the entirety survivorship interest cannot be acquired by a purchaser at an execution sale. All that can be sold at a New York execution sale is a tenancy in common interest, absent Debtor's possessory interest, and subject to the non-debtor spouse's right of

survivorship with the right to share in the rents and the obligation to pay 50% of the costs of the property. *BNY Fin. Corp. v. Moran*, 154 Misc. 2d 435, 436-37 (Sup. Ct., N.Y. Co. 1992). [2]

23. The settled fact that an execution sale of a judgment debtor's tenancy by the entirety interest is limited to the sale of the Debtor's current possessory rights means that Debtor's survivorship interest cannot be sold by a judgment creditor. This is borne out by the absence of any New York cases or federal cases construing New York law which permit a judgment creditor executing against a debtor's tenancy by the entirety interest to sell the debtor's right of survivorship.

24. In *Persky*, *supra* at 19, the Second Circuit described the appropriate analysis under 11 U.S.C. § 522(b)(3)(B) [formerly Section 522(b)(2)(B)] as needing to "determine whether under any other New York law a debtor's tenancy by the entirety is **exempt for enforcement purposes**." (Emphasis added.) That a New York judgment creditor cannot levy on a judgment debtor's right of survivorship and cause it to be sold at a sheriff's execution sale, makes it "exempt for enforcement purposes under *Persky* and makes the tenancy by entirety survivorship interest "exempt from process under applicable nonbankruptcy law" as that phrase is used in Section 522(b)(3)(B). As a result, as of the Filing Date, Debtor's tenancy by the entirety survivorship interest was exempt from Debtor's bankruptcy Estate and creditors, under 11 U.S.C. § 522(b)(3), and that exemption continued post-petition.

---

[2] When a trustee sells a debtor's tenancy by the entirety interest, the buyer receives a tenancy in common (without right of possession) with the non-debtor spouse subject to defeasance if the non-debtor survives the debtor. The buyer does not succeed to the non-debtor's 50% ownership interest if the non-debtor pre-deceases the debtor. Rather, the decedent's estate of the non-debtor co-owner will co-own the property with the buyer of the debtor's interest. The inability of a judgment creditor to convey a debtor's tenancy by the entirety survivorship interest and the limitation that the debtor's possessory interest is conveyed subject to the non-debtor spouse's survivorship interest accounts, in part, for the well-recognized fact that the sale value of a debtor's tenancy by the entirety interest is usually substantially less than 50% of the value of the entire fee interest in the real property. *See*, *Greene v. Levenhar (In re Levenhar)*, 30 B.R. 976, 981 (Bankr. E.D.N.Y. 1983), citing *U.S. v. Rodgers*, 461 U.S. 677, 699 (1983); and *Maller of Kantor v. Mesibov*, 14 Misc. 3d 1228 (A) (Sup. Ct. Nassau Co. 2007).

25. It should be kept in mind that an asset being exempt from process under state law is distinct from the bankruptcy concept of an asset being exempt from property of a bankruptcy estate, and it is only Section 522(b)(3)(B) which converts property exempt from New York process into property exempt from inclusion in the bankruptcy estate, and Section 522(b)(3)(B) does so regardless of whether New York law provides a bankruptcy exemption for a debtor's tenancy by the entirety interest. There is no dispute that New York, unlike some other states, does not provide a state law exemption in bankruptcy for a debtor's tenancy by the entirety interest in property. However, although there is no blanket protection from creditors for a New York bankruptcy debtor's tenancy by the entirety interest under 11 U.S.C. § 522(b)(3)(A), that does not preclude the application of 11 U.S.C. § 522(b)(3)(B). Subsection (b)(3)(B) must be read in conjunction with subsections (A) and (C), to create a federal bankruptcy exemption, based on "applicable nonbankruptcy law" which precludes the sale of Debtor's tenancy by the entirety survivorship interest at a judgment execution sale.

26. By analogy, if there was no applicable New York bankruptcy exemption for retirement accounts, 11 U.S.C. § 522(b)(3)(C) would still provide debtors with a bankruptcy exemption for all retirement accounts "exempt from taxation" under various sections of the Internal Revenue Code.[3] The fact that New York Debtor and Creditor Law § 282, which sets forth the exemptions available in bankruptcy to New Yorkers, only supplies the state law exemptions available under 11 U.S.C. § 522(b)(3)(A), does not curtail the availability of additional exemptions under subsections (B) and (C) of Section 522(b)(3), including the Debtor's tenancy by the entirety survivorship interest in the Condo.

---

[3] Section 522(b)(3)(C) states: "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986."

27. Debtor's tenancy by the entirety survivorship right was exempt as of the Filing Date and the M. Newtown judgment lien was only against Debtor's tenancy by the entirety interest in the Condo and never attached to Wife's tenancy by the entirety interest. Based upon the foregoing, upon Wife's death, Debtor became seized of the entire interest in the Condo but only the interest owned by Debtor as of the Filing Date was subject to the M. Newtown Lien.

28. 11 U.S.C. § 522(c) states, in relevant part, "[u]nless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except -- …. Once an asset is found to be exempt as of the Filing Date, nothing can bring that asset back into the Estate. *In re Hamacher*, *supra*, 535 B.R. at 183. *See also*, *Owen v. Owen*, 500 U.S. 305, 308 (1991) ("An exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor; … Property that is properly exempted under § 522(c) (with some exceptions) is immunized against liability for prebankruptcy debts"); and *Lowe v. Yochem (In re Reed),* 184 B.R. 733, 737 (Bankr. W.D. Tex. 1995) ("The majority of courts … hold that a postpetition change in the character of property properly claimed as exempt will *not* change the status of that property, relying on the principle that once property is exempt, it is exempt forever and nothing occurring postpetition can change that fact").

29. As Debtor's right of survivorship was exempt from his creditors under 11 U.S.C. § 522(b)(3)(B) as of the Filing Date, that exemption continued post-petition. Upon Wife's death, post-petition, her interest in the Condo became Debtor's interest, exempt from the Estate and subject only to the IRS lien against Wife's interest in the Condo. *Id.*

30. Accordingly, any attempt by M. Newtown to assert its judgment lien against Debtor's tenancy by the entirety survivorship interest and thereby claim a lien against 100% of the

equity in the Condo (instead of recognizing that its judgment lien is limited to the tenancy by the entirety interest Debtor held as of the Filing Date) clearly impairs Debtor's claimed exemption under 11 U.S.C. § 522(b)(3)(B).

### B. Application of Section 522(f).

31. 11 U.S.C. § 522(f)(1) provides that, "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is – (A) a judicial lien, . . . ."

32. Pursuant to 11 U.S.C. § 522(f)(2)(A), "a lien shall be considered to impair an exemption to the extent that the sum of–

    (i) the lien;

    (ii) all other liens on the property; and

    (iii) the amount of exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens."

33. Here, the M. Newtown Lien is either in the amount of $2,731,412.03, the amount of its judgment or, according to M. Newtown's filed proof of claim, is in the amount of $800,000 or 100% of the value of the Condo. As noted above, M. Newtown never had a claim against Wife and, as of the Filing Date, had no lien against any interest of Wife in the Condo. As of the Filing Date, M. Newtown had a judgment lien against Debtor's interest in the Condo which included his tenancy by the entirety survivorship interest, which, as demonstrated above, is exempt from his bankruptcy Estate under Section 522(b)(3)(B) and is exempt from process and from the enforcement of the M. Newtown judgment under New York law. Wife's post-petition death

triggered Debtor's exempt survivorship interest and it is presumed that M. Newtown, subject to the automatic stay, will attempt to enforce its judgment against the 100% ownership interest in the Condo which has a value of $950,000. Accordingly, to the extent that M. Newtown seeks to assert its judgment lien against more than 50% of the value of the Condo, that lien must be avoided under Section 522(f) as to the value of Debtor's survivorship interest ($475,000) reducing the M. Newtown Lien against the entire fee interest in the Condo to the amount of $475,000.

## No Prior Request

34. No prior Application has been made to this or any other Court for the relief herein requested.

## Service of Motion

35. Pursuant to Bankruptcy Rule 4003(d), the Notice of Motion, this Declaration and the exhibits hereto have been served by first class mail, on not less than 17 days' notice, on: (i) counsel for M. Newtown; (ii) the Office of the United States Trustee; (ii) the Trustee; (iii) the attorneys for the Trustee; (iv) the IRS; (v) M. Newtown; and (vi) A&D, the holder of the Mechanic's Lien.

**WHEREFORE,** Debtor, respectfully requests the entry of an order, pursuant to 11 U.S.C. § 522(f), Bankruptcy Rules 4003(d) and 9014, and E.D.N.Y. LBR 9013-1(g), (i) avoiding, in its entirety, the judgment lien of M. Newtown, as against Debtor's tenancy by the entirety survivorship interest in the Condo, as impairing Debtor's exemption in his survivorship interest in the Condo; (ii) reducing M. Newtown's judgment lien against the entire fee interest in the Condo

to the amount of $475,000; and (iii) granting such other and further relief as this Court deems just and proper.

Dated: Westbury, New York
       March 8, 2023

                                  PRYOR & MANDELUP, L.L.P.
                                  Attorneys for the Debtor

                        By: *s/ A. Scott Mandelup*
                            A. Scott Mandelup
                            675 Old Country Road
                            Westbury, New York 11590
                            (516) 997-0999
                            asm@pryormandelup.com