UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

    SAM M. MIRIAN,                                Case No: 822-71597-reg
                                                                           Chapter 7


                                      Debtor.
--------------------------------------------------------X


**MEMORANDUM DECISION GRANTING CHAPTER 7 TRUSTEE'S MOTION TO DISALLOW EXEMPTION AND DENYING DEBTOR'S MOTION TO AVOID LIEN**

       In this chapter 7 case, Sam M. Mirian (the "Debtor") seeks to bifurcate his interest in a condominium unit ("Property") which he owned with his wife[1] as tenants by the entirety to claim a portion as exempt. While it is common for a debtor to claim a homestead exemption in a residence, this exemption is not available to the Debtor because the Property is not his residence. Instead, the Debtor is claiming an exemption in his survivorship interest pursuant to 11 U.S.C. §522(b)(3)(B). His purpose in doing so is twofold - to insulate half of the value from the chapter 7 trustee's reach and to avoid a judicial lien held by M. Newtown Associates, Limited Partnership (the "Creditor") on the Debtor's interest in the Property on the basis that it impairs his claimed exemption. The relevant statute requires that under applicable state law the subject property must not be subject to process. The Debtor claims that under New York law, his survivorship interest in the Property, which both he and his wife had at the inception of the case by virtue of their ownership as tenants by the entirety, is not subject to process and is therefore exempt. The chapter 7 trustee and the Creditor object to this claimed exemption, which the Debtor is relying on to avoid the Creditor's lien under 11 U.S.C. § 522(f).

---

[1] The Debtor's wife died after the petition was filed.

The Debtor's legal sleight of hand does not withstand a careful reading of the statute and relevant case law. In states where property held as tenancy by the entirety is exempt from process, federal law preserves that position. However, in states like New York, where such property is subject to process, federal law preserves that position. The Debtor's argument is based on an incorrect premise and fails for a fundamental reason.  No portion of his interest in the Property is shielded from process under New York law and therefore the federal bankruptcy statute relied upon by the Debtor is not available.  In fact, the exemption described in §522(b)(3)(B) does not apply when the subject property is in New York. If a person holds property as tenants by the entirety with his spouse, either spouse is free to solely encumber their interest and there is no portion that is insulated from process.  If a judgment creditor were to sell that interest, the purchaser would take that debtor's entire interest, with nothing left over for the debtor to retain. The Debtor is simply not entitled to claim an exemption equal to half the value of the Property, or any exemption at all under §522(b)(3)(B).  Only the spouse who did not encumber his or her interest holds the Property free of any lien or encumbrance made by the other spouse, and that is only if the other spouse dies first. Since the Debtor's entire interest in the Property was encumbered upon the attachment of the Creditor's lien, the Trustee's objection to the Debtor's claimed exemption is sustained.  Without an exemption to claim in the Property, the Debtor's motion to avoid the Creditor's lien must be denied as well.

**Facts**

Pursuant to a quitclaim deed dated January 15, 2013 and recorded February 27, 2013, the Debtor and Wife owned the Property as tenants by the entirety.  On October 3, 2018, a judgment was entered by the Supreme Court of the State of New York, Suffolk County, in favor of the Creditor and against the Debtor in the amount of $2,731,412.03 (the "Judgment").  The

Judgment was entered in the Office of the Clerk of New York County on December 14, 2018, and became a non-consensual judicial lien against the Debtor's interest in the Property. The Property is also encumbered by an IRS tax lien against the Debtor's interest only, in the amount of $329,903.21 filed in New York County on June 9, 2022, an IRS tax lien, filed June 28, 2022 against the Debtor and Wife's interest in the Property in the amount of $53,686.80, and a mechanic's lien filed against the Property, post-petition on August 15, 2022 in the amount of $18.156.00.

On June 30, 2022 (the "Petition Date") the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. R. Kenneth Barnard (the "Trustee") was appointed as interim chapter 7 trustee and the first meeting of creditors was held on August 10, 2022. Thereafter, the Trustee qualified as the permanent trustee. The schedules filed on the Petition Date reflect that the Debtor resides in Dix Hills, New York and not at the Property. On Schedule B annexed to the petition, the Debtor scheduled an ownership interest in the Property with a value of $400,000. Schedule D reflects a secured claim in favor of the Internal Revenue Service in the amount of $329,903.21. On Schedule C, the Debtor utilized the federal exemption scheme and included an exemption pursuant to 11 U.S.C. § 522(d)(5) in the amount of $15,225.00. This is known as the "wildcard" exemption. On September 29, 2022, the Creditor filed a proof of claim in the secured amount of $2,731,412.03. On October 17, 2022, the Wife passed away. On November 16, 2022, the Debtor filed an amended Schedule C to claim an exemption pursuant to 11 U.S.C. § 522(b)(3)(B) in the amount of "undetermined." On March 8, 2023, the Debtor filed a motion pursuant to 11 U.S.C. § 522(b)(3)(B) seeking to avoid the Creditor's judicial lien in and to his survivorship interest as tenant by the entirety in the Property (the "§ 522(f) Motion") [ECF 47]. According to an appraisal obtained by the Debtor, the

Property was worth $950,000 as of the Petition Date.  On May 5, 2023, the Creditor filed opposition to the § 522(f) Motion [ECF 53]. The Creditor objects to the § 522(f) Motion on the basis that there is no exemption that the Debtor may claim under § 522(b)(3)(B) with respect to his right of survivorship interest in the Property. Because there is no such exemption to claim, the Creditor argues that the § 522(f) Motion must be denied.  On June 5, 2023, the Debtor filed a reply to the Creditor's opposition [ECF 56].  On July 19, 2023, the Trustee filed a motion seeking to disallow the Debtor's exemption claimed under § 522(b)(3)(B) (the "Trustee's Motion") [ECF 61].  On August 9, 2023, the Debtor filed opposition to the Trustee's Motion [ECF 63].  On August 16, 2023, the Court held hearings on both motions during which hearing the Creditor joined in the Trustee's Motion.  Because the success of the § 522(f) Motion requires the Debtor to prevail with respect to his claimed exemption, the Court shall consider the Trustee's Motion first.

**Trustee's Motion**

**Parties' Positions**

The Debtor argues that as a matter of law § 522(b)(3)(B) affords him the right to exempt a portion of his interest in the Property.  The exemption the Debtor relies upon applies to any attribute of a tenant by the entirety interest owned by a debtor "immediately before the commencement of the case" that is "exempt from process."  According to the Debtor, there are two property interests inherent in a tenancy by the entirety:  a right to use an undivided half of the property while both spouses are alive and a survivorship right to the entire property upon the death of the spouse.  The Debtor posits that if a creditor with a lien against one spouse's interest in such property sells the interest at execution, the purchaser only obtains the right to the property as tenant in common with the non-debtor spouse, subject to the non-debtor spouse's

right of survivorship. According to the Debtor, the purchaser does not take the debtor's right of survivorship interest upon the sale. The Debtor cites to several cases for this proposition, claiming they support his argument that upon execution of a creditor's interest in such property, the purchaser only obtains an interest as tenant in common and will not succeed to the entire fee upon the death of the non-debtor spouse. The debtor's right of survivorship is, according to the Debtor, excluded from the bundle of rights which are transferred to a third party by the sale or upon execution. The Debtor values this right of survivorship at $475,000, which is half of the total value of the Property.

The Trustee objects to the claimed exemption on several grounds. The Trustee asserts that the Debtor's interest in the Property, which was held by the Debtor and Wife as tenants by the entirety as of the Petition Date, became property of the Debtor's estate upon the filing of the Petition. Under New York law, each owner of property held as tenancy by the entirety is "seized of the whole." Therefore, the Debtor's entire interest in the Property is property of the estate. not subject to any exemption the Debtor now seeks to claim. In addition, the creditors and this estate will be prejudiced if the claimed exemption is allowed. The Trustee asserts he is negotiating with the Creditor to conduct a sale of the Property for the benefit of the Debtor's estate. The Creditor joins in the Trustee's Motion. The Creditor elaborates on the Trustee's position that the Debtor's claimed exemption has no basis as a matter of law. Section 522(b)(3)(B), upon which the Debtor relies, provides for an exemption of an interest in property held as a tenant by the entirety only to the extent such interest would is not subject to process under applicable state law, which all parties agree is New York state law. Because the Court of Appeals for the Second Circuit has specifically recognized that the interest of a tenant by the entirety is not exempt from sale and enforcement by execution in New York, the Debtor's

argument fails. The Creditor acknowledges that in some states, such Pennsylvania and Virginia, property held by spouses as tenants by the entirety is exempt from the claims of creditors of one spouse. However, this is not the case for property owned by married couples in New York.

The central issue before the Court is whether the Debtor is entitled to an exemption for his interest in the Property under New York law. If the Debtor is correct, the Trustee's Motion to deny the claimed exemption must be denied. In resolving this issue, the Court reviewed the history and rationale for the ability of married couples to own property as tenants by the entirety and the rights afforded to both parties by such ownership. The concept of this form of ownership has been embedded in the Bankruptcy Code, however these rights must be interpreted as limited by State law. Based upon that analysis the Court must grant the Trustee's Motion. The Court's reasoning is set forth herein.

**Analysis**

Section 541(a) of the Bankruptcy Code provides that property of the debtor's estate includes " … all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1). On Schedule C of the petition, a debtor may elect to utilize state exemptions pursuant to 11 U.S.C. § 522(b)(3) or federal exemptions under 11 U.S.C. § 522(b)(2). The Debtor has chosen state law exemptions. In addition to the state-authorized exemptions, a debtor may claim an exemption under § 522(b)(3)(B), which is a federal exemption. This subsection permits a debtor to exempt:

> [A]ny interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

11 U.S.C. § 522(b)(3)(B).

Fed. R. Bankr. P. 4003(b)(1) provides the following mechanism for challenging an exemption claimed by a debtor:

> a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under §341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later.

Fed. R. Bankr. P. 4003(d) provides another avenue for a creditor to challenge an exemption claimed by a debtor. It states, in relevant part:

> (d) Avoidance by Debtor of Transfers of Exempt Property. A proceeding under § 522(f) to avoid a lien or other transfer of property exempt under Code shall be commenced by motion in the manner provided by Rule 9014, or by serving a chapter 12 or chapter 13 plan on the affected creditors in the manner provided by Rule 7004 for service of a summons and complaint. Notwithstanding the provisions of subdivision (b), a creditor may object to a request under §522(f) by challenging the validity of the exemption asserted to be impaired by the lien.

Because the meeting of creditors has not yet been concluded, the Trustee's Motion is timely. The Creditor's opposition to the §522(f) Motion provides the Creditor with another basis to challenge the Debtor's claimed exemption.

The party challenging a claimed exemption has the initial burden of production and persuasion. Fed. R. Bankr. P. 4003(c); *In re Modansky*, 159 B.R. 139, 141 (Bankr. S.D.N.Y. 1993) (citations omitted). Bankruptcy Rule 4003(c) further provides that if an objection to an exemption is filed, "the court shall determine the issues presented by the objection." Fed. R. Bankr. P. 4003(c).

On the Petition Date, the Property was owned by the Debtor and Wife as tenants by the entirety. The common issue raised by the Trustee's Motion and the § 522(f) Motion is whether the Debtor may exempt a portion of his interest in the Property, that being his survivorship interest, under the theory that this interest is exempt from process under New York law. To determine whether the Debtor has an exemption available under New York law, an understanding of tenancy by the entirety is necessary. Tenancy by the entirety is a unique form of ownership of real property for couples who are married at the time of the conveyance. *V.R.W., Inc. v. Klein*, 503 N.E.2d 496, 498 (N.Y.1986) (citations omitted). This type of ownership arose from the legal fiction that husband and wife were one entity. *Id*. The original purpose of treating the husband and wife as one entity was to ensure that the husband had the sole right to

control and use the property conveyed to the married couple jointly. *Hiles v. Fisher*, 39 N.E.337, 338 (N.Y. 1895). Prior to the Married Women's Act of 1848, during the joint lives of the couple, only the husband could use and control the land, and only the husband could mortgage and convey an estate during the joint lives of the couple. This right was known as the right of usufruct. However, the husband's otherwise unbridled rights were limited and did not permit him make any disposition which would prejudice his wife's right to take the land outright if she survived him. *Bertles v. Nunan*, 92 N.Y. 152, 156 (N.Y. 1883). To protect the wife should she survive her husband, the law allowed her as the survivor to take the estate unencumbered by any debts of her husband. This was accomplished under tenancy by the entirety by the understanding that she was seized of the whole property, notwithstanding the husband's right of usufruct. *Id*.

Upon the enactment of the Married Women's Act of 1848, as amended in 1849, married women were granted the right to take and hold property for their own use, equal to the husbands' right, and each spouse had a right to shared profits yielded by the property. *V.R.W., Inc. v. Klein*, 503 N.E.at 498. However, these rights did not destroy the estate of tenancy by the entirety because the New York Court of Appeals held that the common-law right of usufruct by the husband only was not an incident of ownership of property as tenants by the entirety. Rather, it was a marital right, which left the tenancy by the entirety undisturbed. *Hiles v. Fisher*, 39 N.E. at 338. While the husband no longer held the sole right of usufruct, each spouse was recognized to have the right to use, hold, and encumber their respective interests in the property. The only caveat to these rights were that neither spouse could convey his or her interest in the property to the detriment of the right of survivorship held by the other, which preserved the benefit of holding property as tenants by the entirety. *Id*.

The Debtor acknowledges that a co-owner of property held as tenants by the entirety may mortgage or encumber his or her interest. However, the Debtor insists that if the mortgagee or lienholder executes on that interest, a portion of that interest is exempt from prosecution under New York law. According to the Debtor, the interest that is not subject to process is his right of survivorship. The Debtor's argument is built upon flawed reasoning regarding the rights the purchaser acquires at an

8

execution sale, as well as how the execution sale affects the non-debtor spouse's ownership interest. The Debtor cites to multiple cases for the proposition that such purchaser at a mortgage foreclosure sale or an execution sale becomes a tenant in common with the non-debtor spouse, subject only to the non-debtor spouse's right of survivorship, including *In re Persky*, 893 F.2d 15, 19 (2d Cir. 1989), *Hiles v. Fisher* and *Kolb v. Anisis*, 104 A.D.2d 399, 400 (2d Dep't 1984). The Debtor draws the conclusion that the purchaser does not acquire the debtor spouse's right of survivorship, and only acquires a present right to share in the possession and profits generated from the property. The Debtor does not explain how the property rights are bifurcated or what happens to the property when the non-debtor spouse dies. However, for the Debtor's theory to hold up, the debtor spouse would have to regain any rights to the property via succession to the non-debtor spouse's interest upon the death of the non-debtor spouse. This is not the case.

The Debtor is correct that upon execution sale or mortgage foreclosure sale, the Creditor and the Wife both became tenants in common. The Debtor is also correct that the sale did not affect the Wife's right of survivorship, as set explained in *Persky, Hiles v. Fisher*, *Kolb v. Anisis* and the other cases cited by the Debtor. The Debtor assumes that his survivorship interest disappeared from the bundle of rights transferred to the Creditor. However, a thorough reading of the applicable case law exposes the flaws in the Debtor's assumption.

In *In re Persky*, the Second Circuit was called on to determine whether New York's CPLR § 5240 exempted property held as tenancy by the entirety from process, thus permitting two different debtors in jointly administered chapter 7 cases to claim exemptions under the same bankruptcy statue asserted by the Debtor. New York CPLR § 5240 permits a court to deny, limit, condition, regulate, extend or modify the use of any enforcement procedure, which was viewed by the Second Circuit as a "'broad discretionary power to control and regulate the enforcement of a money judgment.'" *In re Persky*, 893 F.2d at 18 (citing *Guardian Loan Co., Inc. v. Early*, 47 N.Y.2d 515, 519 (1979)). The debtors in *Persky* asserted that this provision provided a basis to carve out an exemption for the debtors' homes, thus preventing the chapter 7 trustee from seeking to sell their homes under §363(h). The Second Circuit did not limit its

9

review to New York CPLR § 5240 and also considered whether, under any other New York law, a debtor's tenancy by the entirety is exempt for enforcement purposes. The Court examined applicable case law, including *Hiles v. Fisher*, at length, and concluded that New York law did not permit the debtors to utilize this exemption. *Id*. at 19.

Despite the broad ruling in *Persky*, the Debtor claims that *Persky* is not contrary to, and *Hiles v. Fisher* supports, his argument that his right of survivorship in the Property is exempt from process. While the focus of the *Persky* decision was on CPLR 5240, the Second Circuit Court of Appeals examined whether under any other New York law a debtor's tenancy by the entirety is exempt from process. The Court of Appeals answered the question in the negative and found that a debtor transfers "*all* his rights, including right to present possession, in a tenancy by the entirety to [a] third party upon execution sale to [the] third party." *In re Persky*, 893 F.2d at 19 (citations omitted). The Debtor's reliance on *Hiles v. Fisher* is equally inapposite. In *Hiles v. Fisher*, the New York Court of Appeals held that the husband, who had mortgaged his interest in property held as tenants by the entirety with his wife, had encumbered his entire interest, which was comprised of a right "to the use of an undivided half of the estate during the joint lives, and to the fee in case he survived his wife." *Hiles v. Fisher*, 39 N.E. at 339. There was no carve out for the husband to retain a survivorship interest in the event he outlived his spouse. This now belonged to the purchaser of the husband's interest at the foreclosure sale. The *Hiles v. Fisher* court also cited with favor the case of *Ames v. Norman*, 4 Sneed (TN) 683 (1857), in which the Supreme Court of Tennessee held that a purchaser of the husband's assignee "can acquire no other or greater interest than was vested in the husband; and, consequently, he holds in subordination to the contingent right of the wife, who, in case she survives the husband, becomes absolute owner of the whole estate. **So, on the other hand, if the husband survives, the purchaser from him or at execution sale becomes owner in fee of the entire estate**." *Ames v. Norman*, 4 Sneed at 693-94 (emphasis added). Contrary to the Debtor's contention, the purchaser succeeds to the debtor's survivorship interest, notwithstanding that the purchaser is a tenant in common. While the Debtor is correct that the purchaser does not hold the

property as a tenant by the entirety, his status as tenant in common with the spouse does not extinguish the purchaser's survivorship interest upon the death of the non-debtor spouse.

A more recent bankruptcy decision within this Circuit examined the extent to which a debtor may exempt a portion of his interest in property held as tenants by the entirety with his non-filing spouse under § 522(b)(3)(B). In *In re Weiss*, 4 B.R. 327 (Bankr. S.D.N.Y. 1980), the debtor claimed that his right to occupy the premises during the life of his wife was exempt from process under New York law. According to the debtor, while his tenancy interest was subject to execution by his creditors, he retained a property interest due to his right to occupy the premises until her death, which could not be reached by creditors. The Bankruptcy Court granted the chapter 13 trustee's objection to this exemption:

> [The debtor's] proposition is unsupportable for the reason that his occupancy arises out of his marriage certificate and not his deed. A debtor whose interest in a tenancy by the entirety which is either sold under execution or passes to his trustee in bankruptcy has no residual property interest in the premises that can be described as 'exempt from process under applicable nonbankruptcy law' within the meaning of Code [§ 522(b)(3)(B)]. As most, he is a guest or invitee of his wife with whom he lives. . . . There existing no property interest capable of supporting an exemption under [§ 522(b)(3)(B)], the debtor's exemption claimed under this subsection must be disregarded.

*In re Weiss*, 4 B.R. at 330, 331.

While the debtor in *Weiss* sought to exempt an interest different than the survivorship interest the Debtor seeks to exempt in this case, the rationale for denying the claimed exemption is the same.

Section 522(b)(3)(B) applies in jurisdictions where property held as tenancy by the entireties can only be reached by creditors if it is a joint debt, such as Michigan (s*ee In re Wheatley*, 631 B.R. 326 (Bankr. N.D. Ill 2021 (applying Michigan law as codified in Mich. Comp. Laws § 600.6023a (Supp. 2021)) and Florida (*see In re Schwarz*, 362 B.R. 532 (Bankr. S.D. Fl. 2007) (applying Florida common law). The *Wheatly* and the *Schwarz* decisions reflect the laws of these two states, which exempt property from claims of creditors of one spouse if the property is held as tenancy by the entireties.

The law in New York has no similar protection for spouses. As explained in *Weiss*, a husband's interest in tenancy by the entirety may be sold upon execution by a judgment creditor. The purchaser

becomes a tenant in common with the wife, subject to her right to survivorship. *In re Weiss*, 4 B.R. at 330 (citations omitted). If the non-filing spouse dies first, then the purchaser has the right to the entire fee. *VRW Inc. v. Klein*, 503 N.E. at 499 (citing *Lawriv v. City of Rochester*, 217 N.Y.S.2d 113 (4th Dep't 1961); *aff'd*, 11 N.Y.2d 759 (1962)). There is nothing left over for the filing spouse to retain in this circumstance.

This reading of § 522(b)(3)(B) is consistent with other jurisdictions having similar laws regarding tenancy by the entirety ownership. The Court of Appeals for the First Circuit recently considered the proper valuation of a debtor's interest in property owned as tenants by the entirety with a non-filing spouse and drew the same conclusion as the court in *Weiss*. Like New York, the law in Massachusetts was amended to equalize the rights of men and women regarding tenancies by the entirety. *Rodgers, Powers & Schwartz, LLP v. Minkina (In re Minkina)* 79 F.4th 142 (1st Cir. 2023). As the First Circuit notes, under Massachusetts law and New York law, either spouse may encumber his or her interest in property, limited by the other spouse's right of survivorship. *Id*. at 150. The right of survivorship is the understanding that upon the death of one spouse, the other "becomes seized of the whole estate regardless of anything the other may have done." *Id*. This includes any encumbrance on the deceased spouse's interest. *Id*. As *In re Weiss* and *In re Minkina* dictate, if the Debtor had died first, the interest of the Creditor would be wiped out. Conversely, if there were no bankruptcy and the Creditor was the successful purchaser at a judicial sale of its lien interest, upon the death of the Debtor's spouse, the Creditor would own the Property. A debtor's right to shield a debtor's interest in such property from process simply does not exist under New York law. Because there is no such exemption, the Debtor has

failed to overcome the objection raised by the Creditor and the Trustee's Motion is granted.

## Section 522(f) Motion

Because the Debtor's claimed exemption pursuant to § 522(b)(3)(B) is disallowed, the § 522(f) Motion must be denied. There can be no avoidance of liens if there is no exemption that the liens impair.

## Conclusion

For the reasons set forth above, the Trustee's Motion is granted and the § 522(f) Motion is denied. The Court shall enter orders consistent with this Memorandum Decision.



Dated: Central Islip, New York
November 8, 2023

Robert E. Grossman
United States Bankruptcy Judge